

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2009

# In Re: Maurice Peterkin

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2879

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"In Re: Maurice Peterkin " (2009). *2009 Decisions.* Paper 1076.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1076

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ELD-42-E                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2879
_____

IN RE:  MAURICE PETERKIN,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 07-cr-0919-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2009

Before: HARDIMAN, COWEN and NYGAARD, Circuit Judges

(Opinion filed July 2, 2009)
_____

OPINION
_____

PER CURIAM

Maurice Peterkin, who is awaiting trial in the United States District Court for the

District of New Jersey, petitions for a writ of mandamus.  He requests that we set aside

two of the District Court's orders, one denying his motion to suppress evidence and to

dismiss the indictment, and one denying his motion for reconsideration.

Mandamus is an extraordinary remedy.  See Kerr v. U.S. Dist. Ct., 426 U.S. 394,

402 (1976).  Within the discretion of the issuing court, mandamus traditionally may be

"used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

Extraordinary relief is not merited in this case. Essentially, Peterkin argues that the District Court got it wrong. He asserts, as he did in the District Court, that he was subject to an illegal search and seizure, and he wants us to set aside the District Court's orders. However, the appropriate time – if necessary – to make this argument and to seek the requested relief in this Court is in an appeal from a judgment of conviction and sentence (we express no opinion on the merits of the suppression issue or Peterkin's criminal case). See Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004) (noting that the writ of mandamus must not be used a substitute for the regular appeals process). For these reasons, we deny Peterkin's motion for a writ of mandamus.[1]

---

[1] Within his petition, he also asks that we stay the District Court's orders pending a hearing and a decision on his mandamus petition. We deny his request.